BOWDEN v GANNAWAY

Docket No. 319047. Submitted March 11, 2015, at Lansing. Decided
     March 24, 2015. Approved for publication May 19, 2015, at 9:05
     a.m.

     Janell and Gary Bowden brought an attorney-malpractice claim in
          the Ingham Circuit Court against Charles P. Gannaway, Steven J.
          Pollok, and Rappaport Pollok Farrell & Waldron, PC, seeking
          economic and noneconomic damages resulting from Gannaway's
          failure to timely appeal the denial by the Office of Retirement
          Services (ORS) of non-duty-related disability retirement benefits
          for Janell Bowden. She had worked for the state of Michigan for
          many years and, following problems related to spinal surgeries,
          moved to a job created to accommodate the physical restrictions
          her physicians recommended. When the ORS denied her applica-
          tion for retirement benefits, she engaged Gannaway to represent
          her on appeal. After missing the deadline, Gannaway asked for an
          appeal hearing anyway, acknowledging that the request was
          untimely. The ORS denied the request, and Gannaway filed a
          petition in the circuit court, asking it to reverse the ORS's denial
          and award Janell Bowden the benefits. After the petition was
          unsuccessful, plaintiffs filed their malpractice action. Defendants
          moved for summary disposition, citing *Polania v State Employees'
          Retirement Sys*, 299 Mich App 322 (2013), and arguing that even
          if her appeal of the denial of benefits had been timely, Janell
          Bowden would have been unsuccessful because no medical advi-
          sor had certified in writing that she was totally and permanently
          disabled. Plaintiffs argued that *Polania* should not be applied
          retroactively and that before *Polania*, the hearing officer would
          have looked beyond the medical advisor's disability statement
          and considered all the evidence, including assessments by
          Bowden's physicians stating that she was disabled. The court,
          James S. Jamo, J., concluded that *Polania* had not established
          new law but simply determined the Legislature's intent from the
          language of the disability statute, which had remained the same
          since 2002. The court granted defendants' motion, concluding
          that because Janell Bowden did not meet the requirements of the
          disability statute, she would not have prevailed on her underlying

disability claim, and therefore plaintiffs could not prevail on their legal malpractice claim. Plaintiffs appealed.

The Court of Appeals *held*:

1. To prevail on an attorney-malpractice action, a plaintiff must prove (1) the existence of an attorney-client relationship, (2) negligence in the legal representation of the plaintiff, (3) that the negligence was a proximate cause of an injury, and (4) the fact and extent of the injury alleged. To prove proximate cause, a plaintiff must show that but for the attorney's alleged malpractice, he or she would have been successful in the underlying suit. This suit-within-a-suit concept applies when the alleged negligent conduct involves the failure of an attorney to properly pursue an appeal. The plaintiff must prove that the attorney's negligence caused the loss or unfavorable result of the appeal and that the loss or unfavorable result in turn caused a loss or unfavorable result in the underlying litigation.

2. The trial court did not err by dismissing plaintiffs' claim. *Polania* did not establish a new rule or principle; rather, it discerned the Legislature's intent from language in MCL 38.24 that had been in effect for five years before Janell Bowden should have appealed the ORS's denial of her application. MCL 38.24(1)(b) provides that a medical advisor must certify an applicant as totally and likely permanently disabled for the applicant to be eligible to receive non-duty-related disability retirement benefits. Because the medical advisor had not certified Janell Bowden as totally and permanently disabled, she was ineligible for benefits and could not establish that she would have prevailed had she timely appealed the initial denial of her application. Therefore, plaintiffs could not show that defendants' negligence was a proximate cause of their damages.

Affirmed.

*Blaske & Blaske, PLC* (by *Thomas H. Blaske*), for plaintiffs.

*Garan Lucow Miller, PC* (by *David M. Shafer* and *Mark E. Shreve*), for defendants.

Before: WILDER, P.J., and SERVITTO and STEPHENS, JJ.

PER CURIAM. In this attorney-malpractice claim, plaintiffs appeal as of right an order of the trial court

granting defendants' motion for summary disposition. The court found as a matter of law that defendants' alleged professional negligence was not a proximate cause of plaintiffs' alleged injuries. We affirm.

Plaintiff Janell Bowden worked for the state of Michigan from 1980 until 2007. For most of that time she worked in the motor pool, cleaning and preparing vehicles for use by state employees. She began to have problems with her upper torso in the 1990s, especially her right shoulder, arm, and hand, and underwent several surgeries to fuse her spine and remove bone spurs. In 2001, she began working at the state motor pool as a "storekeeper," signing cars in and out of the motor pool, preparing paperwork to terminate leased cars, and preparing work orders. The job was created for her in order to accommodate the physical restrictions recommended by her physicians.

In May 2008, Janell Bowden filed an application with Michigan's Office of Retirement Services (ORS) for non-duty-related disability retirement benefits, alleging that constant cervical pain resulting from these surgeries had limited her ability to use her right arm and hand. The physician designated by the state to examine her application and medical records, including numerous assessments by her physicians stating that she was disabled, concluded that she was not totally and permanently disabled and that she "should be able to return to her past job . . . ." In a letter dated August 1, 2008, the ORS denied her application and informed her that she had 60 days from the date of the letter to appeal the decision. She engaged attorney Charles Gannaway (a defendant in this case) to represent her on appeal. However, the appeal was not filed timely.

In a November 2008 request to the ORS, Gannaway asked for an appeal hearing, explaining that his request was untimely because of a misfiling of the ORS's decision, but stating that he was making the request anyway "due to just cause." On December 1, 2008, the ORS denied the untimely request for a hearing. Gannaway then filed an unsuccessful petition with the circuit court, asking it to reverse the denial and award Janell Bowden non-duty-related disability retirement benefits. In March 2009, he informed Bowden by letter that he had missed the deadline for filing the appeal, that the ORS had denied his request for a hearing, and that he had filed a petition with the circuit court.

Plaintiffs filed a professional negligence suit against defendants in which they sued for both economic and noneconomic damages.[1] The claim was based on the failure to file a timely appeal of the ORS denial of the non-duty-related retirement benefits. Defendants moved for summary disposition under MCR 2.116(C)(8) and (10). They argued that the failure to file the appeal with the ORS was not a proximate cause of any damage to plaintiffs. They cited *Polania v State Employees' Retirement Sys*, 299 Mich App 322; 830 NW2d 773 (2013), to support their argument that even if the appeal had been filed in a timely manner, Janell Bowden would have been unsuccessful because no medical advisor had certified in writing that she was totally and permanently disabled. Plaintiffs argued that a retroactive application of *Polania* was erroneous, contending that before *Polania*, the hearing officer would have looked beyond a medical advisor's

---

[1] Plaintiffs' claim against defendant Steven Pollok arose from his handling of Janell Bowden's workers' compensation claim. Their claim against defendant Rapaport Pollok Farrell & Waldron, P.C., was based on a theory of respondeat superior. Plaintiffs stipulated the dismissal of those claims with prejudice.

disability statement and considered all the evidence, including assessments offered by Janell Bowden's physicians stating that she was disabled.

The trial court concluded that *Polania* did not establish new law; rather, it discerned the intent of the Legislature through analysis of the plain language of the disability statute, which had remained the same since its 2002 enactment. Because Janell Bowden did not meet the requirements of the disability statute, the court concluded, she would not have prevailed on her underlying claim and, therefore, plaintiffs could not prevail on their legal malpractice claim. The trial court granted defendants' motion, and plaintiffs argue the court erred by doing so. We review de novo a trial court's decision on a motion for summary disposition. *Auto Club Group Ins Co v Burchell*, 249 Mich App 468, 479; 642 NW2d 406 (2002).

The elements of a legal malpractice action are as follows:

> "(1) the existence of an attorney-client relationship;
>
> "(2) negligence in the legal representation of the plaintiff;
>
> "(3) that the negligence was a proximate cause of an injury; and
>
> "(4) the fact and extent of the injury alleged." [*Charles Reinhart Co v Winiemko*, 444 Mich 579, 585-586; 513 NW2d 773 (1994) (citation omitted).]

To prove proximate cause, a plaintiff "must show that *but for* the attorney's alleged malpractice, he would have been successful in the underlying suit." *Id.* at 586 (quotation marks and citation omitted). This "suit within a suit" concept applies when "the alleged negligent conduct involves the failure of an attorney to properly pursue an appeal." *Id.* at 587. In those cases,

the plaintiff must prove that "the attorney's negligence caused the loss or unfavorable result of the appeal" and that "the loss or unfavorable result of the appeal in turn caused a loss or unfavorable result in the underlying litigation." *Id.* at 588. Whether a plaintiff would have prevailed in the underlying appeal is a question of law. *Id.* at 589.

In order to prevail in their legal malpractice claim, plaintiffs had to show that, but for the failure to timely appeal the denial of Janell Bowden's application for non-duty-related disability retirement benefits, she would have been awarded the benefits. MCL 38.24 governs the award of those benefits to qualifying state employees. MCL 38.24(1) states:

> [A] member who becomes totally incapacitated for duty because of a personal injury or disease that is not the natural and proximate result of the member's performance of duty may be retired if all of the following apply:
>
> (a) The member ... files an application ... with the retirement board no later than 1 year after termination of the member's state employment.
>
> (b) A medical advisor conducts a medical examination of the member and certifies in writing that the member is mentally or physically totally incapacitated for further performance of duty, that the incapacitation is likely to be permanent, and that the member should be retired.
>
> (c) The member has been a state employee for at least 10 years.

Plaintiffs argue that before *Polania*, an appeal of the ORS's denial of Janell Bowden's application would have been governed by *Gordon v Bloomfield Hills*, 207 Mich App 231, 232; 523 NW2d 806 (1994), which required a reviewing court to "consider all the evidence on the record, not just that supporting the agency's decision." Had Gannaway filed a timely appeal, plain-

tiffs argue, a review of the "whole record" would have resulted in reversal of the denial because assessments from several independent physicians clearly established the disability.

Contrary to plaintiffs' insistence, this matter does not involve the question of the retroactive application of a new rule or principle. We would note preliminarily that the statute that the *Polania* Court interpreted was a statute in effect at the time of the decision. The 2002 amendments of MCL 38.24 used the unambiguous word "all" when setting forth what conditions must be met before the retirement board may consider a member for non-duty-related disability retirement. 2002 PA 93. As the trial court noted, *Polania* did not establish a new rule or principle. Rather, it discerned the Legislature's intent from the plain language of MCL 38.24, which had been in effect for five years before the time Janell Bowden should have appealed the ORS denial of her disability application. From the time of its amendment in 2002, MCL 38.24 has meant that for an applicant to be eligible to receive a non-duty-related disability retirement, a medical advisor had to certify the applicant as totally and likely permanently disabled. MCL 38.24(1)(b). *Polania* clarified, not introduced, this requirement.

It is undisputed that the medical advisor had not certified Janell Bowden as totally and permanently disabled and that without the certification she was ineligible for benefits under the plain language of MCL 38.24(1)(b). Therefore, because plaintiffs cannot establish that Janell Bowden would have prevailed had Gannaway filed a timely appeal of the initial denial of her application for benefits, plaintiffs cannot show that Gannaway's negligence was a proximate cause of their

alleged damages, and, consequently, the trial court did not err by dismissing their claim.

Affirmed.

WILDER, P.J., and SERVITTO and STEPHENS, JJ., concurred.